UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-383-MOC
3:19-cr-179-MOC-DCK-1

| | |
|---|---|
| **ANTONIO DEVON WEEKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion for Production of Grand Jury Material Pursuant to (Fed. R. Crim. P. 6(e))," (Doc. No. 2).

Petitioner seeks discovery in this Motion to Vacate proceeding filed pursuant to 28 U.S.C. § 2255. The Motion for Production will therefore be liberally construed pursuant to Rule 6 of the Rules Governing § 2255 Proceedings. The Rule states that a judge may, for "good cause," authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. Rule 6(a), 28 U.S.C. foll. § 2255. A party requesting discovery in a § 2255 proceeding must provide reasons for the request; include any proposed interrogatories, requests for admission; and specify any requested documents. Rule 6(b), 28 U.S.C. foll. § 2255.

Petitioner's asks that the Court require the Government to provide him with the following Grand Jury records:

A. All exculpatory material, if any, presented to the grand jury.
B. All summation or argument, however termed, presented by an attorney for the government to the grand jury.
C. All explanation of the law relevant to this case presented by any attorney for the government to the grand jury.

D. All documents, testimony or any other items relating to the length of the term of the grand jury, including any extension or renewal of that term. This request includes any petitions filed by the United States Attorney to extend the Grand Jury and transcripts of any discussions or statements made by the attorney for the government as to the progress of the investigation, reasons for delay and specific reasons for an extension of time.
E. An affidavit from each and every court reporter who transcribed the grand jury proceedings from the dates said to have convened verifying that all comments regarding scheduling of the grand jury.
F. Access to grand jury attendance records which reflect the number of jurors present at each meeting of the grand jury, whether any grand juror was excused from service and whether alternate grand jurors replaced an excused grand juror.
G. Records reflecting the dates the grand jury was in session and how long each session lasted for the period of time said to have convened.
H. Except for fact witnesses who appeared before the grand jury the entire transcript of the 2020 grand jury Session which resulted in the indictment in the instant case.

(Doc. No. 2 at 1-2).

Petitioner, who pleaded guilty in the criminal case, contends that the Grand Jury which indicted him is "in question" with regards to evidence of the drug amount presented to it. (Doc. No. 2 at 2). He asserts that he is "in need of the relevant documents" in this 2255 proceeding, presumably to demonstrate that the drug amount for which he was held responsible is unsupported by the evidence. (Id.).

Petitioner has failed to demonstrate good cause to support his discovery request. Much of the material he seeks is confidential,[1] and none of it has any possible relevance to this § 2255 proceeding. He has failed to provide any valid reason for his discovery request, and accordingly, the Motion will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's *pro se* "Motion for Production of Grand Jury Material Pursuant to Fed. R. Crim. P. 6(e))," (Doc. No. 2), is construed pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings and is **DENIED**.

---

[1] See generally Fed. R. Crim. P. 6(e) (addressing the recording and secrecy of grand jury proceedings).

2

Signed: August 26, 2021

Max O. Cogburn Jr.
United States District Judge